FILED
06/21/2022
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 29, 2022

**STATE OF TENNESSEE v. TIMOTHY M. DAWSON**

**Appeal from the Criminal Court for McMinn County**
**No. 17-CR-295     Sandra N.C. Donaghy, Judge**

_____

**No. E2021-00313-CCA-R3-CD**
_____

The Defendant, Timothy M. Dawson, pled guilty to possession of drug paraphernalia before he was found guilty of simple possession of methamphetamine by a jury. The Defendant was also convicted of theft in two separate, unrelated cases. Following a consolidated sentencing hearing on all three cases, the trial court sentenced the Defendant to consecutive terms of eleven months and twenty-nine days for his two Class A misdemeanor convictions in this case, finding that the Defendant was a professional criminal and that he had an extensive criminal history. The Defendant appeals, challenging the trial court's consecutive sentencing determination based upon aspects of the consolidated nature of the sentencing hearing. Following our review, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and NORMA MCGEE OGLE, JJ., joined.

Andrew E. Bateman, Athens, Tennessee, for the appellant, Timothy M. Dawson.

Herbert H. Slatery III, Attorney General and Reporter; Hannah-Catherine Lackey, Assistant Attorney General; Stephen D. Crump, District Attorney General; and Matthew L. Dunn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

FACTUAL BACKGROUND

On October 17, 2017, the McMinn County Grand Jury returned an indictment against the Defendant, charging him with possession of 0.5 grams or more of methamphetamine with the intent to sell or deliver, a Class B felony, and possession of

drug paraphernalia, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-17-417(c)(1), -425(a), -434. Ultimately, the Defendant pled guilty to the possession of drug paraphernalia charge, and he proceeded to a jury trial on the methamphetamine possession count.

The proof at trial showed that on April 4, 2017, McMinn County Sheriff's Office Deputy Brandon[1] Jenkins and Corporal Kevin Gray responded to a tip regarding the location of the Defendant, a wanted subject. When the officers arrived at the mobile home, the Defendant ran out the back door and fell over "a high step." After the Defendant was on the ground, Deputy Jenkins arrested him.

During a pat down of the Defendant, Corporal Gray discovered a large clear plastic baggie in the front right pocket of the Defendant's blue jeans. Inside the larger bag were three small clear plastic baggies containing a powdery, crystal-like substance, as well as a straw used for snorting narcotics. Corporal Gray also found a digital scale, a lighter, and numerous knives on the Defendant's person. Corporal Gray's body camera recorded these events.

The Tennessee Bureau of Investigation later confirmed that the crystal-like substance in one of the three baggies was in fact methamphetamine and that it weighed 0.87 grams. The weight of the crystal-like substance in the remaining two baggies, which were not tested, was 0.68 grams.

The Defendant presented proof of his drug use and drug addiction through testimony from his father. Following the conclusion of proof, the jury found the Defendant guilty of the lesser-included offense of simple possession of methamphetamine, a Class A misdemeanor. See Tenn. Code Ann. §§ 39-17-418, -434.

At the conclusion of the trial, the trial court ordered a presentence report to be prepared and said, "Might as well just include everything at one time." The trial court then stated that the sentencing hearing would be set "with the other cases." Thereafter, this case, Case Number 17-CR-295 ("Case 295"), was consolidated for a sentencing hearing with two additional cases—Cases 17-CR-296 ("Case 296") and 17-CR-297 ("Case 297"). In Case 296, the Defendant was convicted by a McMinn County jury of theft of property valued at more than $1,000 but less than $2,500. In Case 297, the Defendant was convicted by a McMinn County jury of theft of property with a value greater than $2,500. The consolidated sentencing hearing occurred on December 17, 2018.

---

[1] The affidavit of complaint refers to this witness as Brandon Jenkins. At trial, the court reporter heard the witness state his first name as Brian, but the witness did not spell his first name. Because it appears that the witness prepared the affidavit himself, we will refer to him as Brandon.

At the sentencing hearing, the State introduced a copy of the Defendant's presentence report. Defense counsel indicated that he had no objection to the report and affirmed that it was to be entered by agreement. The report reflected that the Defendant had multiple prior convictions. Certified copies of many of his convictions were entered into evidence, which reflected two Tennessee convictions for theft of property over $1,000 (McMinn County 1998 and 1999); four Tennessee convictions for theft of property over $10,000 (Monroe County 1993, McMinn County 1999 and 2005, and Loudon County 2017); and four federal convictions in the Eastern District of Tennessee in 2005 for attempt to manufacture methamphetamine, conspiracy to manufacture methamphetamine, possession of materials used to manufacture methamphetamine, and felon in possession of firearm. In addition, the paperwork for the federal convictions and McMinn County 2005 conviction both included a violation of probation order, and it was established that the Defendant was on bond for the Loudon County 2017 charges at the time he committed the offenses in Cases 295, 296, and 297.

The report further indicated that the Defendant failed to cooperate with his presentence officer to a certain degree. The Defendant did provide that he attended Meigs County High School from 1988 to 1990, when he dropped out after completing the tenth grade. The Defendant stated that his mental and physical health were fair and that he had received a traumatic head injury from a motorcycle accident in 2013. The Defendant relayed that he used drugs to self-medicate, that methamphetamine was his drug of choice, and that he had used both marijuana and methamphetamine off and on since he was eighteen. The Defendant had two children. He reported employment at Castrol Express Lube from 2007 until 2009, and he transferred to a different Castrol for a three-year period from 2010 to 2013. However, the presentence report officer contacted these businesses, and the Defendant's employment could not be verified. The Defendant also stated that he had applied for social security benefits due to the motorcycle accident and that he had begun receiving those benefits in 2017 prior to his incarceration.

Additionally, the State presented testimony from McMinn County Sheriff's Detective Greg Earps and victim Claudia Bruce about the Defendant's theft of property convictions in Cases 296 and 297. Detective Earps testified that the Defendant confessed to stealing a utility trailer, as well as an air conditioning unit, and that the Defendant still had an additional case pending relative to another stolen item. According to Detective Earps, the Defendant said to him that when he steals, he "steal[s] big stuff." Detective Earps confirmed that he had dealt with the Defendant frequently over a period spanning many years. Ms. Bruce was the victim of the stolen air conditioning unit, and she testified regarding the impact of the Defendant's theft. She stated that she had to spend $6,200 to replace the air conditioner so that the house could be sold and that she lost a potential sale of that property on the day of the Defendant's theft.

Gary Dawson, the Defendant's father, testified that his son had issues with addiction since approximately 2000, indicating that the Defendant would "get on them for a while and then he'd get off." Mr. Dawson could not explain the Defendant's criminal history that occurred prior to 2000. When asked what sentence the trial court should impose, Mr. Dawson said that due to his failing health, he was "in a bind" and that he needed the Defendant to help with taking him to his doctor appointments and around the house.

Lastly, the forty-six-year-old Defendant made an allocution statement. He admitted that the drugs and paraphernalia found in this case belonged to him and that he had been on and off of drugs for over twenty years. In addition, the Defendant explained he had failed to cooperate with his presentence officer because "some of the other allegations and stuff" had not been investigated like they should have been and that he could "prove [his] innocence on it."

The trial court observed that it would collectively sentence the Defendant in all three cases because the proof from the hearing was largely relevant in all three, noting, for example, that the Defendant had "been convicted of prior crimes." However, the trial court indicated that it would make its findings as to sentencing "one case at a time." Defense counsel did not object, stating, "That's fine[.]"

At the outset of its ruling, the trial court stated that it had considered the evidence presented at trial and at the sentencing hearing; the presentence investigation report and specifics contained therein, which included a reference to the victim impact statement and a discussion of restitution; the results of the Strong-R assessment, which classified the Defendant as a high risk to reoffend for property crimes; the nature and circumstances of the offense; statistical information from the Administrative Office of the Courts pertaining to sentencing for similar offenses; the Defendant's statement; and the Defendant's potential for rehabilitation. The trial court next discussed enhancing and mitigating factors.

Relative to enhancement factors, the trial court found that the Defendant had a previous history of criminal convictions, in addition to those needed to establish the appropriate range; that the Defendant failed to comply with the conditions of a sentence involving release in the community; and that the Defendant was on a form of judicially ordered release when he committed the offenses in question. See Tenn. Code Ann. § 40-35-114(1), (8), (13). Relative to mitigating factors, the trial court determined that the Defendant's criminal conduct neither caused nor threatened serious bodily injury. See Tenn. Code Ann. § 40-35-113(1).

The trial court then considered consecutive sentencing factors and found that the Defendant was a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood and that the Defendant was an offender whose record of criminal activity was extensive. See Tenn. Code Ann. § 40-35-115(1), (2). Finally, in

addressing alternative sentencing, the trial court determined that measures less than confinement had frequently and recently been applied to the Defendant and that confinement for an extended period of time was necessary to protect society from further criminal activity from the Defendant.

The trial court then sentenced the Defendant in Case 295 to consecutive terms of eleven months and twenty-nine days, both to be served at seventy-five percent. In Case 296,[2] the Defendant was sentenced for Class E felony theft of property as a Career Offender to six years' incarceration, which was to be served consecutively to Case 295. In Case 297,[3] the Defendant was sentenced for Class D felony theft of property as a Career Offender to twelve years' incarceration, which was to be served consecutively to both Cases 295 and 296; he was also ordered to pay restitution in the amount of $6,200. From these three cases, the Defendant received an effective sentence of nineteen years, eleven months, and twenty-eight days. The Defendant filed a timely appeal from the trial court's sentencing decision.

ANALYSIS

On appeal, the Defendant argues that the trial court erred by ordering his two misdemeanor sentences of eleven months and twenty-nine days to be served consecutively to one another. Specifically, the Defendant submits that the trial court relied exclusively on the presentence report in finding that the consecutive sentencing was appropriate, and according to the Defendant, the report was only prepared due to the trial court's "sua sponte consolidation of these matters." The Defendant also notes that in discussing the contents of the presentence report, the trial court referenced the theft victims and commented on the financial impact to them, which should have had no bearing on the sentence imposed in this case. In addition, he submits that the trial court failed to make a required finding that the aggregate maximum of the consecutive terms was reasonably related to the severity of the two convictions involved in this case. The Defendant concludes that the trial court, by relying on the presentence report and consolidating the sentencing hearing in these three cases, abused its discretion in ordering consecutive sentences for the two misdemeanor counts in this case.[4] The State responds that the trial court did not abuse its discretion in sentencing the Defendant.

---

[2] This court recently reversed and remanded the Defendant's conviction in Case 296 for a new trial. See State v. Timothy Mitchell Dawson, No. E2021-00913-CCA-R3-CD, 2022 WL 1565627, at *8 (Tenn. Crim. App. May 18, 2022).

[3] The Defendant's appeal in Case 297 is also currently pending before this court. See State v. Timothy M. Dawson, No. E2021-00912-R3-CD.

[4] The Defendant specifically states that he is not challenging the imposition of consecutive sentencing over the three separate cases.

Before a trial court imposes a sentence upon a convicted criminal defendant, it must consider: (1) the evidence adduced at the trial and the sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the criminal conduct involved; (5) evidence and information offered by the parties on the enhancement and mitigating factors set forth in Tennessee Code Annotated sections 40-35-113 and 40- 35-114; (6) any statistical information provided by the Administrative Office of the Courts as to Tennessee sentencing practices for similar offenses; (7) any statement the defendant wishes to make on the defendant's own behalf about sentencing; and (8) the result of the validated risk and needs assessment conducted by the department and contained in the presentence report. Tenn. Code Ann. § 40-35-210(b). When an accused challenges the length and manner of service of a sentence, this court reviews the trial court's sentencing determination under an abuse of discretion standard accompanied by a presumption of reasonableness. State v. Bise, 380 S.W.3d 682, 707 (Tenn. 2012). This standard of review also applies to consecutive sentencing determinations. State v. Pollard, 432 S.W.3d 851, 860-61 (Tenn. 2013).

A presumption of reasonableness standard gives "deference to the trial court's exercise of its discretionary authority to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)." Pollard, 432 S.W.3d at 861. "Any one of [the] grounds [listed in section 40-35-115(b)] is a sufficient basis for the imposition of consecutive sentences." Id. at 862 (citing State v. Dickson, 413 S.W.3d 735 (Tenn. 2013)).

The imposition of consecutive sentencing is subject to the general sentencing principles that the overall sentence imposed "should be no greater than that deserved for the offense committed" and that it "should be the least severe measure necessary to achieve the purposes for which the sentence is imposed[.]" Tenn. Code Ann. § 40-35-103(2), (4). Further, "[s]o long as a trial court properly articulates reasons for ordering consecutive sentences, thereby providing a basis for meaningful appellate review, the sentences will be presumed reasonable and, absent an abuse of discretion, upheld on appeal." Pollard, 432 S.W.3d at 862 (citing Tenn. R. Crim. P. 32(c)(1)) ("The order [for consecutive sentences] shall specify the reasons for this decision and is reviewable on appeal."); see also Bise, 380 S.W.3d at 705. The burden of showing that a sentence is improper is upon the appealing party. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Cmts.; see also State v. Arnett, 49 S.W.3d 250, 257 (Tenn. 2001).

The Defendant argues that but for the consolidation of his three cases for one sentencing hearing, a presentence report would not have been prepared and considered in this case that consists of only two misdemeanor convictions. Initially, we note that the Defendant did not object to the use of the presentence report for sentencing purposes, and

in fact, defense counsel indicated at that sentencing hearing that he had no objection to the report and affirmed that it was to be entered by agreement. Accordingly, this issue is waived. See Tenn. R. App. P. 36(a) ("Nothing in this rule shall be construed as requiring relief be granted to a party . . . who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error."); see also State v. Joshua Lishun Brewer, No. E2015-02178-CCA-R3-CD, 2016 WL 6087677 at *5 (Tenn. Crim. App. Oct. 18, 2016) (concluding that the defendant waived an argument by failing to "object at the sentencing hearing to the admission of the presentence report as an exhibit or to any of the report's contents").

Moreover, during the sentencing hearing, the trial court specifically said that though it was collectively sentencing the Defendant in all three cases because the proof from the hearing was largely relevant in all three, it would make its findings as to sentencing "one case at a time." Defense counsel did not object, stating, "That's fine[.]" The Defendant did not raise any contemporaneous objection to the sentencing procedure and has again waived the issue. See Tenn. R. App. P. 36(a); see also State v. Flynn, 675 S.W.2d 494, 498 (Tenn. Crim. App. 1984) (holding that the defendant's failure to object at the sentencing hearing to a statement in his presentence report precluded consideration of the issue on appeal).

Furthermore, while a presentence report is only required for felony convictions, "the court . . . may, in the case of a misdemeanor, direct the presentence service officer to make a presentence investigation and report[.]" Tenn. Code Ann. § 40-35-205(a). Though preparation and consideration of a presentence report is discretionary with the trial court in misdemeanor cases, such is certainly not prohibited as the Defendant would suggest, and we cannot say that the trial court abused its discretion in relying on the presentence report in sentencing the Defendant in this case.

The Defendant further argues that the trial court abused its discretion when, in discussing the contents of the presentence report, it referenced the theft victims and commented on the financial impact to them, which should have had no bearing on his sentence for the drug offenses. Other than the Defendant's bare assertion, no evidence in the record indicates that the trial court's statements regarding the theft victims had any effect on the Defendant's sentence in this case.

In addition, the Defendant, citing State v. Taylor, 739 S.W.2d 227 (Tenn. 1987), submits that the trial court failed to make a required finding that the aggregate maximum of the consecutive terms was reasonably related to the severity of the two convictions involved in this case. In Taylor, our supreme court cautioned that "consecutive sentences should not routinely be imposed . . . and that the aggregate maximum of consecutive terms must be reasonably related to the severity of the offenses involved." 739 S.W.2d at 230. However, only when the dangerous offender criterion is being applied to support

consecutive sentencing, see Tennessee Code Annotated section 40-35-115(4), is an explicit finding required that an extended sentence was necessary to protect the public and that the consecutive sentences reasonably related to the severity of the offenses. State v. Wilkerson, 905 S.W.2d 933, 939 (Tenn. 1995); see State v. Lane, 3 S.W.3d 456, 461 (Tenn. 1999).

Here, the trial court applied two consecutive sentencing factors to the Defendant. In determining that the Defendant was a professional criminal who had knowingly devoted his life to criminal acts as a major source of livelihood, the trial court observed that the forty-six-year-old Defendant had only worked for several years of his adult life and did not receive disability benefits until 2017. In finding that the Defendant was an offender whose record of criminal activity was extensive, the trial court noted the multiple judgments of convictions that had been entered at the sentencing hearing reflecting the Defendant's criminal history. The record clearly supports the application of these findings; something to which the Defendant does not mount any substantive challenge. Moreover, the trial court, in discussing alternative sentencing, did find that a period of incarceration was necessary to protect the public from further criminal conduct by the Defendant. Based upon the Defendant's criminal history of drugs, theft, and violations of the conditions of his release, the overall sentence was reasonably related to the severity of the offenses involved in this case.

Finally, the Defendant, though categorizing his argument as challenging the consecutive nature of his two misdemeanor convictions, briefly contends that the trial court did not adequately state the weight it assigned to each enhancement and mitigating factor that applied, thereby failing to engage in the required analysis. An individual convicted of a misdemeanor has no presumption of entitlement to a minimum sentence. State v. Johnson, 15 S.W.3d 515, 518 (Tenn. Crim. App. 1999) (citations omitted). "[A] misdemeanor offender must be sentenced to an authorized determinant sentence [,]" and "a percentage of that sentence, which the offender must serve before becoming eligible for consideration for rehabilitative programs, must be designated." State v. Palmer, 902 S.W.2d 391, 394 (Tenn. 1995). The trial court must fix a percentage of the sentence, not to exceed seventy-five percent, that the defendant must serve in confinement before being eligible for release into rehabilitative programs. See Tenn. Code Ann. § 40-35-302(d). Furthermore, in misdemeanor sentencing, the "trial court need only consider the principles of sentencing and enhancement and mitigating factors in order to comply with the legislative mandates of the misdemeanor sentencing statute." State v. Troutman, 979 S.W.2d 271, 274 (Tenn. 1998); see Tenn. Code Ann. § 40-35-302(b), (d).

There is no strict requirement that the trial court make findings on the record regarding the percentage of the defendant's sentence to be served in confinement. Troutman, 979 S.W.2d at 274. Thus, the trial court is afforded considerable latitude in

misdemeanor sentencing.  See Johnson, 15 S.W.3d at 518.  The trial court in this case clearly complied with the requirements for misdemeanor sentencing.  The Defendant's arguments do not entitle him to relief.

CONCLUSION

In accordance with the foregoing, we affirm the trial court's consecutive sentencing decision.

_____
D. KELLY THOMAS, JR., JUDGE